RECEIPT # 69656
AMOUNT $ 250
SUMMONS ISSUED Y -
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6-2-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DREYER'S GRAND ICE CREAM, )
INC., a Delaware Corporation, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)　　Civil Action No.
v. )
　　　　　　　　　　　　　　　　　　　)
JONAITIS DISTRIBUTORS, INC., )
a Massachusetts Corporation, d/b/a )
CREAM CROCK DISTRIBUTORS, )　　05 cv 11146 JLT
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　)

MAGISTRATE JUDGE _____

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff Dreyer's Grand Ice Cream, Inc. ("Dreyer") alleges as follows:

**PARTIES**

1. Dreyer's Grand Ice Cream, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 5929 College Avenue, Oakland, California 94618 ("Dreyer's" or "Plaintiff").

2. Upon information and belief, Defendant Jonaitis Distributors, Inc., doing business as CREAM CROCK DISTRIBUTORS, is a Massachusetts corporation with its principal place of business at 50 Worchester Road, Sterling, Massachusetts ("Cream Crock" or "Defendant").

**JURISDICTION AND VENUE**

3. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and Massachusetts statutory and common law. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

4. Personal jurisdiction over the defendant is vested in the United States District Court for the District of Massachusetts since Defendant has its principal place of

business in this district and conducts business in this district.

5.  Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### PLAINTIFF AND PLAINTIFF'S TRADEMARKS

6.  Dreyer's is one of the country's leading manufacturers and distributors of a full spectrum of ice cream and frozen dessert products. Dreyer's manufactures and distributes ice cream products and other frozen dessert products under its own brand names, DREYER'S™ throughout the western states and Texas, and EDY'S® throughout the remainder of the United States. Dreyer's also manufactures and distributes ice cream and other frozen dessert products in the United States under the brand names GRAND, GRAND LIGHT®, SLOW CHURNED™, HÄAGEN-DAZS®, NESTLE® DRUMSTICK®, NESTLE CRUNCH®, BUTTERFINGER®, BABY RUTH®, TOLL HOUSE®, CARNATION®, PUSH-UP®, DOLE®, HOMEMADE, FRUIT BARS, STARBUCKS®, SILHOUETTE®, SKINNY COW®, SKINNY CARB BAR™ and HEALTHY CHOICE®.

7.  The HÄAGEN-DAZS ice cream products are one of the world's leading super-premium ice creams. Consequently, ice cream lovers the world over recognize the famous HÄAGEN-DAZS trademark, the cartouche logo, and the related trade dress (the "HÄAGEN-DAZS Marks") as representing the ultimate in super-premium ice cream. Since 2003, Dreyer's has been, and continues to be, the exclusive licensee of the HÄAGEN-DAZS Marks in the United States.

8.  The HÄAGEN-DAZS Marks are protected by several incontestable U.S. Trademark Registrations, including U.S. Trademark Registration No. 1,696,350 for the HÄAGEN-DAZS & Design trademark. A copy of this registration is attached hereto as Exhibit A. The HÄAGEN DAZS Marks have been in continuous use since at least as early as 1960.

9. The excellence of Dreyer's ice cream products, including the HÄAGEN-DAZS line of products, is widely recognized in the United States, allowing Dreyer's to earn billions of dollars in revenue from the sale of its ice cream and related frozen dessert products. Indeed, Dreyer's considerable marketplace recognition is evidenced by the fact that it achieved net sales of $410,412,000 in the third quarter of 2004 alone (the most recent financial results available). As such, Dreyer's has developed a high level of goodwill among purchasers of ice cream products in the United States and that goodwill is associated with Dreyer's various trademarks including, but not limited to, the HÄAGEN-DAZS Marks.

10. Dreyer's sells its ice cream products in a variety of retail outlets, including most supermarkets nationwide, convenience stores, club stores, drug stores, superstores, and food service locations. Dreyer's has developed one of the most sophisticated ice cream direct store distribution networks in the United States, and distributes its ice cream products to retailers through its company owned distribution network as well as through independent distributors who are authorized by Dreyer's to distribute Dreyer's ice cream products in certain geographic regions of the United States.

11. Authorized distributors of Dreyer's ice cream products may, subject to Dreyer's approval, appoint authorized subdistributors to distribute Dreyer's ice cream products.

12. Dreyer's ice cream products are very perishable and must be distributed rapidly and with care. Because of this Dreyer's authorized distributors and authorized subdistributors are contractually obligated to comply with certain quality control procedures concerning, among other things, the temperature at which Dreyer's ice cream products are stored and transported, which were designed to maintain and preserve the high quality of Dreyer's ice cream products.

13. Dreyer's requires that its authorized distributors and authorized subdistributors transport Dreyer's ice cream products in delivery vehicles that operate at a

temperature of -10°F or colder at all times and store Dreyer's ice cream products in facilities that are maintained at a temperature of -20°F or colder at all times. Furthermore, Dreyer's requires that its authorized distributors and authorized subdistributors regularly rotate the Dreyer's ice cream products stored in warehouses, on delivery trucks, and in back-up storage or in freezers at retail locations on a first-in, first-out basis to avoid product spoilage.

14. As a manufacturer of food products, it is important for Dreyer's to be able to ascertain the location of Dreyer's ice cream products in the event it needs to recall a product from the marketplace to eliminate a potential health or safety risk. By permitting only authorized distributors and authorized subdistributors to sell Dreyer's ice cream products to retail outlets, Dreyer's can ascertain the exact location of all Dreyer's ice cream products.

15. A consumer cannot determine the quality of Dreyer's ice cream products by inspection at the time of purchase. Thus, consumers rely on the reputation of Dreyer's ice cream products for high quality.

16. If an authorized distributor or authorized subdistributor fails to comply with the quality standards concerning the distribution and storage of Dreyer's ice cream products, the quality of Dreyer's ice cream products may be compromised. If the quality of Dreyer's ice cream products is compromised, Dreyer's will suffer harm to its reputation and goodwill.

### DEFENDANT'S UNAUTHORIZED DISTRIBUTION OF DREYER'S HÄAGEN-DAZS LINE OF ICE CREAM PRODUCTS

17. Cream Crock is not an authorized distributor or an authorized subdistributor of Dreyer's ice cream products.

18. Cream Crock has and continues to purchase large quantities of Dreyer's HÄAGEN-DAZS line of products for the purpose of reselling Dreyer's HÄAGEN-DAZS ice cream products to sub-distributors and retail outlets in and around the New England

area.

19. The HÄAGEN-DAZS ice cream products being sold by Cream Crock and the sub-distributors and retailers that purchase from Cream Crock is in the original containers so as to be identical in appearance to the Dreyer's HÄAGEN-DAZS products distributed and sold by Dreyer's, its authorized distributors and its authorized subdistributors. As a result, consumers cannot distinguish between the HÄAGEN-DAZS products distributed by persons authorized to do so and the HÄAGEN-DAZS products distributed by Cream Crock.

20. Cream Crock's use of the HÄAGEN-DAZS Marks constitutes a representation that the ice cream products distributed by Cream Crock and sold by Cream Crock's sub-distributors and retail customers has been subjected to the same quality standards and is of the same high quality as the HÄAGEN-DAZS products distributed by Dreyer's, its authorized distributors and its authorized subdistributors and sold by retailers who obtain HÄAGEN-DAZS products from them.

21. Cream Crock has used the HÄAGEN-DAZS Marks in connection with the distribution and sale of HÄAGEN-DAZS products without Dreyer's authorization.

22. Since Cream Crock is not an authorized distributor or authorized subdistributor of Dreyer's ice cream products, Dreyer's is unable to enforce its quality control procedures and ensure that the HÄAGEN-DAZS ice cream products distributed by Cream Crock and sold by the sub-distributors and retailers that purchase from Cream Crock are of the same high quality as the ice cream products sold by Dreyer's.

23. Since Cream Crock is not an authorized distributor or authorized subdistributor of Dreyer's ice cream products, Dreyer's may be unable to ascertain the identity and location of all retail outlets selling Dreyer's ice cream products in the event Dreyer's needs to withdrawal a product from the marketplace.

24. Cream Crock has and intends to continue distributing and selling HÄAGEN-DAZS products, which due to its acts or omission of acts, may be damaged or

deteriorated and may vary from Dreyer's high standards of quality.

25. The potential loss or deterioration of the ordinary high quality of Dreyer's HÄAGEN-DAZS ice cream products distributed by Cream Crock and sold by the sub-distributors and retailers that purchase from Cream Crock is likely to adversely affect the goodwill of Dreyer's and cause irreparable harm to Dreyer's reputation for high quality ice cream.

26. Cream Crock's conduct is continuing and will continue, constituting an ongoing threat to Dreyer's and the public. Unless Cream Crock is restrained and enjoined from engaging in the wrongful conduct described herein, Dreyer's will suffer irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Dreyer's adequate relief for the acts of Cream Crock, present and threatened, and Dreyer's remedy at law is not adequate in and of itself to compensate it for said harm and damage.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER FEDERAL LAW**
**(15 U.S.C. §1114(1)(a))**

27. Dreyer's incorporates by reference the allegations in paragraphs 1 through 26 above, as if set forth in full herein.

28. Cream Crock's unauthorized distribution and sale of HAAGEN-DAZS products and use of the HÄAGEN-DAZS Marks constitutes trademark infringement in violation of 15 U.S.C. §1114(1)(a).

29. Without injunctive relief, Dreyer's has no means by which to control the continuing injury to its reputation and goodwill. Dreyer's has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Dreyer's if it loses the ability to control the use of its HÄAGEN-DAZS Marks, the integrity of its HÄAGEN-DAZS ice cream products, and its reputation and goodwill

through the unauthorized distribution and sale of HÄAGEN-DAZS ice cream products. Dreyer's is entitled to monetary damages and injunctive relief prohibiting Cream Crock from engaging in the unauthorized distribution and sale of HAAGEN-DAZS ice cream products.

30. Because Cream Crock's actions have been committed willfully and with intent to profit from Dreyer's goodwill, this is an exceptional case and Dreyer's is entitled to recover Cream Crock's profits together with Dreyer's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER FEDERAL LAW
### (15 U.S.C. §1125(a))

31. Dreyer's incorporates by reference the allegations in paragraphs 1 through 30 above, as if set forth in full herein.

32. Cream Crock's unauthorized distribution and sale of HÄAGEN-DAZS ice cream and use of the HÄAGEN-DAZS Marks products constitutes unfair competition under 15 U.S.C. § 1125(a).

33. Without injunctive relief, Dreyer's has no means by which to control the continuing injury to its reputation and goodwill. Dreyer's has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Dreyer's if it loses the ability to control the use of its HÄAGEN-DAZS Marks, the integrity of its HÄAGEN-DAZS ice cream products, and its reputation and goodwill through the unauthorized distribution and sale of HÄAGEN-DAZS ice cream products. Dreyer's is entitled to monetary damages and injunctive relief prohibiting Cream Crock from engaging in the unauthorized distribution and sale of HAAGEN-DAZS ice cream products.

34. Because Cream Crock's actions have been committed willfully and with intent to profit from Dreyer's goodwill, this is an exceptional case and Dreyer's is entitled to recover Cream Crock's profits together with Dreyer's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

### THIRD CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER MASSACHUSETTS LAW

35. Dreyer's incorporates by reference the allegations in paragraphs 1 through 34 above, as if set forth in full herein.

36. The above acts by Cream Crock are unfair or deceptive acts or practices in trade or commerce that are unlawful under Mass. Gen. Laws Ch. 93A, § 2.

37. Both Dreyer's and Cream Crock are engaged in trade or commerce.

38. The unfair or deceptive acts or practices occurred in Massachusetts in connection with Cream Crock's sale of ice cream products within the Commonwealth.

39. The above acts by Cream Crock constitute unfair business practices under Massachusetts law. By reason of its unfair, unlawful, and deceptive business practices, Cream Crock has enriched itself at the expense of Dreyer's and the public generally and should be forced to disgorge its ill-gotten gains. Dreyer's is entitled to recover treble damages caused by Cream Crock's unfair and deceptive acts and practices. Dreyer's is also entitled to recover its reasonable attorneys' fees.

40. Dreyer's has no adequate remedy at law. Dreyer's is entitled to an injunction under Mass. Gen. Laws Ch. 93A, §11 prohibiting Cream Crock from continuing to engage in these unlawful and deceptive acts or practices. Without injunctive relief, Dreyer's has no means by which to control the continuing injury to its reputation and goodwill. Dreyer's has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Dreyer's if it loses the ability to control the use of its HÄAGEN-DAZS Marks, the integrity of its HÄAGEN-DAZS ice

cream products, and its reputation and goodwill through the unauthorized distribution and sale of HÄAGEN-DAZS ice cream products. Dreyer's is therefore entitled to injunctive relief prohibiting Cream Crock from continuing such acts of unfair competition.

### FOURTH CLAIM FOR RELIEF
### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

41. Dreyer's incorporates by reference the allegations in paragraphs 1 through 40 above, as if set forth in full herein.

42. Dreyer's has valued and established contractual business relationships with authorized distributors that distribute HÄAGEN-DAZS ice cream products in and around the New England area, including within Massachusetts

43. Cream Crock is aware of Dreyer's existing contractual business relationships with authorized distributors that distribute HÄAGEN-DAZS ice cream products in and around the New England area.

44. With full knowledge of these contractual business relationships, and intending to injur, destroy and otherwise interfere with these contractual business relationships, Cream Crock has wrongfully, knowingly, intentionally and maliciously interfered with these relationships by its conduct alleged herein, including distributing and selling HÄAGEN-DAZS ice cream products to sub-distributors and retail locations in and around the New England area.

45. As a result of Cream Crock's intentional interference with Dreyer's contractual business relationships with its authorized distributors in and around the New England area, Dreyer's has been damaged in an amount not yet known to it and will continue to suffer additional damages in the future in an amount to be established according to proof. Such damage will continue to Dreyer's unless Cream Crock is prevented by an injunction from continuing to interfere in those relationships.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dreyer's prays for judgment against Defendant Cream Crock as follows:

A. That Defendant be enjoined during the pendency of this action, and permanently thereafter, from the unauthorized distribution and sale of HÄAGEN-DAZS ice cream products;

B. That Defendant be ordered to destroy all packages, labels, advertising and promotional material, and related items which use the HÄAGEN-DAZS Marks;

C. That Defendant be ordered to account to Dreyer's for, and to pay to Dreyer's, all of Defendant's profits and all amounts by which Defendant has been unjustly enriched from its acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under Section 35(a) of the Lanham Act;

D. That Defendant be ordered to pay Dreyer's the actual damages suffered by Dreyer's as a result of Defendant's wrongful acts in an amount to be determined at trial, trebled on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

E. That Defendant be ordered to pay Dreyer's attorneys' fees and costs on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

F. That Defendant be ordered to pay treble such damages as are proved, as well as Dreyer's costs and attorneys' fees pursuant to G.L.c. 93A;

G. That Defendant be ordered to pay Dreyer's prejudgment interest on any monetary award; and,

H. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: June 2nd, 2005

Respectfully submitted,

DREYER'S GRAND ICE CREAM, INC.

By Its Attorneys,

Holly M. Polglase (BBO# 553271)
Nicholas B. Kosiavelon (BBO # 640629)
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Center
Boston, MA 02129
(617) 241-3000

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DREYER'S GRAND ICE CREAM, INC.

**(b)** County of Residence of First Listed Plaintiff   ALAMEDA COUNTY, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
PLEASE SEE ATTACHMENT "A"

## DEFENDANTS
JONAITIS DISTRIBUTORS, INC., d/b/a
CREAM CROCK DISTRIBUTORS

County of Residence of First Listed Defendant   WORCESTER
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
05  11146 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. s. 1114(1)(a)
Brief description of cause:
DEFENDANT INFRINGED UPON PLAINTIFF'S TRADEMARK

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND$ MONETARY & INJUNCTIVE RELIEF
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  6/2/05
SIGNATURE OF ATTORNEY OF RECORD  _____

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

# ATTACHMENT A

1. Holly M. Polglase, Esq.
   BBO #: 553271
   Campbell Campbell Edwards & Conroy, P.C
   One Constitution Plaza
   Boston, MA 02129
   617-241-3000

2. Nicholas B. Kosiavelon, Esq.
   BBO #: 640629
   Campbell Campbell Edwards & Conroy, P.C
   One Constitution Plaza
   Boston, MA 02129
   617-241-3000

3. James G. Gilliland, Jr., Esq.
   Townsend and Townsend and Crew LLP
   Two Embarcadero Center – 8th Floor
   San Francisco, CA 94111
   415-576-0200

4. Iris Sockel Mitrakos, Esq.
   Townsend and Townsend and Crew LLP
   Two Embarcadero Center – 8th Floor
   San Francisco, CA 94111
   415-576-0200

05 11146 JLT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Dreyer's Good Ice Cream, Inc._
   _v. Jonathy Distributors, Inc. d/b/a Cream Crock Distributors_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **05-11146 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Nick Kosiavelon, Campbell Campbell Edwards and Conroy, PC_
ADDRESS _One Constitution Plaza, Ste. 3, Boston, MA 02129_
TELEPHONE NO. _617-241-3000_

(CategoryForm.wpd -5/2/05)